NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT BRISENO, individually and on behalf of all others similarly situated, Plaintiff-Appellee, v. CONAGRA FOODS, INC., Defendant-Appellant. | No. 15-55727 D.C. No. 2:11-cv-05379-MMM-AGR MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted September 12, 2016
San Francisco, California

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Defendant-Appellant ConAgra Foods, Inc. ("ConAgra"), appeals the district

court's order certifying eleven statewide damages classes composed of persons

who purchased Wesson-brand cooking oils labeled "100% Natural." Plaintiff-

Appellee Robert Briseno and other named class representatives (collectively,

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"Plaintiffs"), argue that the "100% Natural" label is false and misleading because Wesson oils are made from genetically modified organisms ("GMOs"), which they contend are not "natural." As a result, Plaintiffs claim ConAgra has violated state consumer protection statutes, breached express and implied warranties, and been unjustly enriched. We exercise jurisdiction pursuant to 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f), and we affirm.

I

Parties seeking class certification must satisfy the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b). *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). Here, the district court certified the classes under Rule 23(b)(3), which permits class actions in which "questions of law or fact common to class members predominate" over individual issues and as to which litigation through the class mechanism will be "superior to other available methods for fairly and efficiently adjudicating the controversy"— the so-called predominance and superiority requirements.

ConAgra challenges the district court's determinations as to typicality,

2

predominance, and superiority.[1]  Reviewing for abuse of discretion, we conclude

that the district court's holdings were not illogical, implausible, or unsupported by

the record.  *See Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1164 (9th Cir. 2014).

A

ConAgra argues that Plaintiffs' claims differ from those of absent class

members, and are therefore atypical, in two ways.

First, ConAgra contends that although Plaintiffs claim to have actually relied

on the "100% Natural" label in deciding whether to purchase Wesson products, the

majority of absent class members did not rely on the label.  That distinction is

irrelevant because the district court held that none of the certified claims require a

showing of actual reliance with respect to absent class members, and ConAgra has

not challenged that holding.

Second, ConAgra contends that Plaintiffs did not actually rely themselves on

the "100% Natural" label.[2]  The district court concluded otherwise based on

---

[1] We address in a concurrently filed opinion ConAgra's argument that the district court erred by not requiring Plaintiffs to demonstrate an "administratively feasible" way to identify class members.

[2] To the extent this argument could be construed as challenging Plaintiff Robert Briseno's ability to pursue a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, in light of state-law standing requirements, that argument was not raised in the district court and is therefore waived.

Plaintiffs' declarations. Although ConAgra challenges the credibility of those declarations, the district court's holding was adequately supported by the record.

B

ConAgra next argues that the district court erred because individual issues predominate over common questions with respect to both materiality and damages.

With respect to materiality, ConAgra contends Plaintiffs have not offered evidence that a reasonable consumer would consider the "100% Natural" label material and understand it to mean GMO-free—as they must to prevail on the certified claims. The record contains sufficient evidence to support the district court's contrary conclusion. ConAgra believes that evidence is unpersuasive and argues that its own evidence should have been given greater weight, but the district court did not clearly err in finding otherwise for purposes of class certification. ConAgra may advance those arguments at the merits stages of this litigation, but they do not bear on predominance. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S. Ct. 1184, 1191 (2013).

With respect to damages, ConAgra argues that Plaintiffs did not proffer a sufficient method for calculating classwide damages under *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). Plaintiffs propose to measure the classwide price premium attributable to their theory of liability using two steps: First, Plaintiffs will use hedonic regression analysis to calculate the price premium attributable to

4

the "100% Natural" label; second, they will use conjoint analysis to segregate the portion of that premium attributable to a "no-GMO" understanding of the label. ConAgra challenges the reliability and soundness of combining these two well-established damages models,[3] but it was not an abuse of discretion for the district court to conclude that Plaintiffs' proffered model tracked their theory of liability and was therefore sufficient to survive class certification. *See Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1154 (9th Cir. 2016).

C

Finally, ConAgra argues that administering eleven statewide classes involving various state-law claims renders class adjudication of this action unmanageable and, therefore, inferior to other litigation methods.

The district court concluded otherwise because many of the state-law claims raise common issues. The district court also observed that the eleven classes could ultimately be severed for separate adjudication if necessary. Moreover, the benefits of the class mechanism are best realized in cases like this, where the likely recovery is too small to incentivize individual lawsuits, and the realistic alternative to class litigation will be no adjudication at all. *See Zinser v. Accufix Research*

---

[3] To support its *Comcast* argument, ConAgra cited an out-of-circuit district court decision that, contrary to ConAgra's characterization, in fact explicitly agreed with the district court's conclusion in *this* case that the damages model Plaintiffs offered satisfied *Comcast.*

5

*Inst., Inc.*, 253 F.3d 1180, 1190-91 (9th Cir. 2001). Given these considerations, the district court did not abuse its discretion in holding that Plaintiffs satisfied Rule 23(b)(3)'s superiority requirement.

**AFFIRMED.**